UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



DAVID MARSHALL CAMPBELL, #158580,

        Petitioner,

v.                                    CASE NO. 2:20-CV-10310
                                      HONORABLE LINDA V. PARKER

THOMAS WINN,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner David Marshall Campbell, a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241[1] concerning his 1979 convictions and sentences for first-degree criminal sexual conduct and attempted murder which were imposed following a bench trial in the Roscommon County Circuit Court and for which he was sentenced to concurrent terms of life imprisonment. In his current pleadings, Petitioner alleges that his sentences are invalid. Petitioner has previously filed a habeas petition in federal court challenging the same convictions and sentences. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at

---

[1] Although Petitioner seeks to proceed pursuant to 28 U.S.C. § 2241, the Court construes his habeas petition as one brought pursuant to 28 U.S.C. § 2254. It is well-settled that habeas petitions brought by state prisoners challenging their state convictions and sentences are governed by § 2254 regardless of the statutory label placed on the petition and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)).

28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a federal habeas petition challenging the same convictions and sentences at issue in this case, which was denied. *See Campbell v. Johnson*, No. 1:95-CV-00654 (W.D. Mich. June 5, 1998) (McKeague, J.), *cert. prob cause den.* No. 98-1839 (6th Cir. Nov. 4, 1998). He has also previously been denied permission to file a second or successive federal habeas petition. *See In re David Campbell*, No. 06-1266 (6th Cir. Oct. 31, 2006). Petitioner has neither sought nor obtained appellate authorization to file a subsequent federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[2] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without

---

[2]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

§ 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2020